## H. STOLTE v. J. C. HERNDON.

1—That an instrument sued on had not been legally stamped is not a defect which can be reached by demurrer to the petition, although the instrument be made an exhibit to the petition, and be referred to in the petition as part thereof.

2—A bill of sale of a stock of horses is an instrument required to be stamped by the act of Congress of June 30th, 1864.

3—The acts of Congress respecting stamp duties considered, and the opinion expressed that deputy collectors of internal revenue have the same power as collectors to affix stamps, when satisfied that the failure to affix the stamp at the proper time was not with intent to evade the law.

4—This court takes judicial cognizance of the fact that the office of collector of internal revenue was not in practical operation within this State on the 22d of September, 1865 ; wherefore, under the act of Congress of July, 1866, an instrument executed at that date might be legally stamped by a party to it at any time prior to the 1st of January, 1867.

ERROR from Guadalupe.   Tried below before the Hon. J. J. Thornton.

The opinion sufficiently discloses the facts so far as they affect the rulings made.   The petition referred to the bill of sale, as part of the petition, in the usual phraseology.

*John P. White*, for plaintiff in error, cited 2 Brightley's Digest, p. 266, § 257; Tripp v. Bishop, 56 Pa., 424; Jacquin v. Warren, 50 Ill., 459; 3 Internal Revenue Record, 31; 53 Pa., 176; 37 Barbour, 187; 97 Mass., 150; 40 Ala., 470; 43 Mo., 537.

*John Ireland*, for the defendant in error.

LINDSAY, J.—The demurrer to the petition in this case was wrongfully sustained.

The plaintiff alleges in the petition the purchase of a stock of horses, etc., of the defendant, for a stipulated sum, and the full payment of the consideration therefor; that the defendant failed and refused to deliver the possession of the property so purchased; and that the defendant executed and delivered a bill of sale for the stock, in which the consideration was acknowledged.   This certainly sets forth a good cause of action, and if the allegations could be sustained by the proof, the plaintiff would doubtless be entitled to recover the specific property, or its value, which was charged to be of the sum of $2500.   The possession of the property sued for, though not wrongfully acquired, was wrongfully detained by defendant, if the facts alleged were true.   But the plaintiff makes an exhibit of the bill of sale in his petition, which, it is supposed, was defectively stamped.   And for this cause, it is supposed, the demurrer was sustained.   As intimated in the case of Schultz v. Herndon, decided at the present term of this court, this defect could not be reached by a demurrer to the petition, because the bill of sale could only be used as an instrument of evidence upon the trial of the facts of the case.   The bill of sale was a contract, reduced to writing, and under the act of

Congress approved the 30th of June, 1864, falls within the class of written instruments upon which a stamp duty is imposed. The first paragraph, in schedule B, most obviously embraces such an instrument; but the mode of stamping is supposed to be defective. When an instrument requiring a stamp has been made and issued without affixing one, as the statute demands, the collector of the internal revenue may be applied to, who may remit the penalty, if he is satisfied that the failure to affix the stamp was not with the intent to evade the provisions of the act of Congress. But this authority is not granted expressly to a deputy collector. Nor, in the opinion of Mr. Parsons, in his excellent work on contracts, as well as in the opinion of several supreme judicial tribunals of our sister States, did the deputy collector have the right, under the act of Congress, to affix the stamp on the application of the maker, or of the person for whose use such an instrument was made and issued. The soundness of this opinion, however, may be well questioned, as by § 10 of the act of the 30th of June, 1864, in which the authority is given to the collector to appoint as many deputies as he may think proper, it is also provided that " each such deputy shall have the like authority *in every respect* to collect the duties and *taxes* levied and assessed within the portion of the district assigned to him, which by this act is vested in the collector himself," which necessarily embraces the *penalties*, imposed for non-compliance with the law, as a part of the *taxes*. The collector being held responsible for all the acts of the deputy, upon his official bond, no reason is perceived why the deputy may not discharge all the duties of the principal, unless interdicted in positive and express terms by the statute.

But the execution of the instrument under which the plaintiff's right is alleged to have accrued, took place on the 22d day of September, 1865, and was acknowledged and lodged, and ordered to be recorded on the same day. It was an instrument which *might be recorded*, to guard against the rights and interests of *third parties*—such as subsequent purchasers without

notice, who might purchase the stock with the same recorded brand. And in the act of July 13, 1866, amendatory of § 158 of the act of the 30th of June, 1864, there is a saving clause, which becomes a curative of the invalidity of this bill of sale. The latter part of that amendment provides " that in all cases where the party has not affixed the stamp required by law upon any instrument made, signed, or issued, at a time when, and at a place where, no collection district was *established*, it shall be lawful for him, or them, or any party having an interest therein, to affix the proper stamp thereto ; or if the original be lost, to a copy thereof; and the instrument, or copy, to which the proper stamp has thus been affixed prior to the 1st day of January, 1867, and the record thereof shall be as valid, to all intents and purposes, as if stamped by the collector in the manner hereinbefore provided. But no right acquired in good faith before the stamping of such instrument, or copy thereof, and the recording thereof, if such record be required by law, shall in any manner be affected by such stamping as aforesaid." Under certain circumstances, then, it appears that the makers of all such instruments as required stamps, might affix the stamps themselves subsequent to the " making," and thus restore their validity ; as also might any one having an interest in them. Now, this court knows, as a part of the history of the State, that the office of collector of internal revenue was not in practical working operation in this district, nor in the State, on the 22d day of September, 1865, the date of the consummation of this agreement, or written contract; and it was physically impossible for the contracting parties to comply with the letter of the law, at the time of its execution. Under such circumstances it would be the acme of injustice to exact such compliance, under pain of the forfeiture of a right. Still, the party subsequently affixed the stamp to the instrument, if not regularly by the collector, as the statute required, yet by the deputy collector, who might do it by his consent, and at his request. Just the state of things existed in the plaintiff's case contemplated by the amendatory act referred to. A legal

stamp being found upon the instrument, it is obvious that the United States was not defrauded nor attempted to be defrauded of its revenue. Hence, it is concluded that the instrument is valid, and may be properly used as evidence. Wherefore, the judgment is reversed and the cause remanded.

Reversed and remanded.